UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

International Catalog Services S.A.,

Plaintiff/Counterclaim Defendant,

vs.

Fingerhut Corporation,

Defendant/Counterclaim Plaintiff.

Civil No. 00-1316 ADM/SRN

**STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

To expedite the flow of information in discovery in this action, protect information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1. **Non-disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document as a stamped confidential document, or as hereinafter provided, no stamped confidential document may be disclosed to any person. A "stamped confidential document" means any document that bears the legend or that is otherwise reasonably identified as "CONFIDENTIAL." A producing party shall designate a document or thing as "CONFIDENTIAL" only if the party in good faith determines that it contains or reveals "a trade secret or other confidential research, development or commercial information" under Fed. R. Civ. P. 26(c)(7) or other applicable law. For purposes of

FILED AUG 14 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

this Stipulation and Order, the term "document" shall be defined as specified in Local Rule 26.3(b)(2) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Interrogatory answers, other discovery responses, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs or other documents that quote, summarize, or contain information contained in a stamped confidential document shall be deemed a stamped confidential document hereunder.

2. **Inadvertent Production.** In the event any producing party discovers, after it has produced a document, that it has inadvertently produced a document that has not been correctly designated as "CONFIDENTIAL," the producing party may correct that error by a subsequent written designation specifically identifying the designated document as "CONFIDENTIAL." Any party receiving such a notice shall henceforth treat such document or thing in accord with this Stipulation and Order.

3. **Permissible Disclosures.** Notwithstanding paragraph 1, a stamped confidential document may be disclosed to any party to this action and to its officers, directors, employees, or agents whose assistance is necessary in connection with this action; to counsel of record for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, legal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the document; and to the Court and its officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Such documents may also be disclosed:

(a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(b) to a person testifying at a deposition in this case, or to outside consultants or experts retained for the purpose of assisting counsel in this litigation; provided, however, that in either case the individual to whom disclosure is to be made has signed and provided to one or more of the counsel of record in this action a certification containing--

(1) a recital that the signatory has read and understands this Stipulation and Order;

(2) a recital that has the signatory understands that any unauthorized disclosure of any stamped confidential document constitutes a violation of this Stipulation and Order and could subject him or her to a sanction by this Court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction over him or her by this Court.

Counsel shall retain all such signed certifications received hereunder and shall provide them to all other counsel of record upon request.

4. **Use of Documents.** All stamped confidential documents produced in this action shall be used by the parties and their representatives solely for the purpose of this action; provided, however, that nothing in this Stipulation and Order includes a party who produced a stamped confidential document from using it as it sees fit.

5. **Declassification.** Any party may apply to the Court for a ruling that a document or documents stamped as confidential is or are not entitled to such status and protection but, before doing so, must advise the party or other person that designated the document as confidential of the concern and give it an opportunity to withdraw the designation. If such an

application is made to the Court, the party designating the document as confidential shall have the burden to establish that it is entitled to such protection.

6. **Confidential Information in Depositions.** Any party of the deponent may, within 15 days after receiving a deposition transcript, designate pages of the transcript as confidential, subject to the standard set forth in paragraph 1, above. Confidential portions of a deposition transcript shall be so designated by marking such pages with the legend: "CONFIDENTIAL." Any party or deponent who designates pages of a transcript in this manner shall promptly advise all counsel of record in writing of said designation. Until expiration of the aforementioned 15 day period, the entire transcript of each deposition shall be treated as subject to protection against disclosure under this Stipulation and Order. If a timely designation of all or a portion of a deposition transcript is made, the confidential portions shall be treated as a "stamped confidential document" hereunder.

7. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, any stamped confidential document may be offered in evidence at trial or at any court hearing, provided that the proponent of the evidence gives reasonable advance notice thereof to counsel for the party that designated the information confidential. Any party may move the Court for an order that such evidence be received under conditions to prevent unnecessary disclosure of the confidential information.

8. **Request or Subpoena for Confidential Information.** If a non-party to this action subpoenas, requests, or orders production of a stamped confidential document that a party has obtained under the terms of this Stipulation and Order, such party shall immediately notify the party who produced the document and designated it as confidential of such subpoena, request, or order.

9. **Filing.** When a stamped confidential document is to be filed with the Court, it shall be filed in a sealed envelope on which the party filing it shall state the title of this action, shall describe the contents of the envelope, and shall make a statement that the envelope contains confidential information pursuant to a protective order entered by the Court in this action.

10. **Copies.** All copies of stamped confidential documents hereunder shall be treated in the same manner as such confidential documents for all purposes under this Stipulation and Order.

11. **Non-Termination.** The provisions of this Stipulation and Order shall not terminate at the conclusion of this action. Within 30 days after the conclusion of this action, all stamped confidential documents and all copies or summaries thereof shall be returned to the party that produced them or, at the option of the producing party, destroyed. Upon request by any counsel of record, counsel for any party shall certify his/her compliance herewith.

12. **Modification Permitted.** Nothing in this Stipulation and Order shall prevent any party or other person from seeking modification of this Stipulation and Order or from objecting to discovery that it believes to be otherwise improper.

13. **Responsibility of Counsel.** Counsel of record are responsible for employing

reasonable measures to control, consistent with this Stipulation and Order, duplication of, access to, and distribution of copies of stamped confidential documents.

**SO AGREED.**

Dated: August 14, 2000

JOHN A. HALPERN & ASSOCIATES

By: [signature]
Jared Peterson (#029634X)

500 Plymouth Building
12 South Sixth Street
Minneapolis, MN 55402-1510
(612) 375-1980

FRIEND & REISKIND
Edwin M. Reiskind, Jr.
116 John Street
New York, New York 10038

Attorneys for Plaintiff International Catalog Services S.A.

Dated: August 14, 2000

WINTHROP & WEINSTINE, P.A.

By: [signature]
Craig A. Brandt (#214036)

3200 Minnesota World Trade Center
30 East Seventh Street
Saint Paul, Minnesota 55101
(651) 290-8400

Attorneys for Defendant Fingerhut Corporation

**SO ORDERED.**

Dated: August 14, 2000

Susan Richard Nelson
United States Magistrate Judge

STP1: 530067-2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

# Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.